

I N T H E

# Court of Appeals of Indiana

Joel Stafford,

*Appellant-Respondent*

v.

Laura Stafford,

*Appellee-Petitioner*



April 21, 2025

Court of Appeals Case No.
24A-DC-2457

Appeal from the Johnson Superior Court

The Honorable Marla K. Clark, Judge

Trial Court Cause No.
41D04-2210-DC-000620

**Opinion by Judge Felix**
Judges Mathias and Foley concur.

**Felix, Judge.**

## Statement of the Case

Joel Stafford ("Father") and Laura Stafford ("Mother") were married and had three children together. In 2023, Mother filed a petition for dissolution. The trial court issued a dissolution decree awarding Mother primary physical custody and granting Father parenting time consistent with the Indiana Parenting Time Guidelines absent overnight stays. Father appeals and presents a single issue for our review: Whether the trial court abused its discretion in its parenting time decision.

We reverse.

## Facts and Procedural History

Father and Mother married in 2011 and lived together in Greenwood, Indiana. The couple had three children in the marriage: Ru.S. born in 2014, Rh.S. born in 2016, and H.S. born in 2018 (collectively "Children"). On January 24, 2023, Mother filed a petition for the dissolution of the marriage.

On February 9, the trial court entered a provisional order granting Mother primary physical custody of Children, awarding Father parenting time consistent with the Indiana Parenting Time Guidelines, and ordering joint legal custody. The following month, the trial court appointed Kimberly Mattingly as the Guardian Ad Litem ("GAL") for Children. On August 14, Mother filed an emergency petition to suspend Father's overnight parenting time, alleging that

Ru.S and Rh.S were experiencing behavioral changes following overnight stays with Father.[1]  In this petition, based on an alleged recommendation from Mattingly, Mother also requested that Father have no more overnight parenting time until he undergoes a mental health assessment.  On December 20, the trial court issued a parenting time order that denied Mother's request to suspend overnights but ordered Father in part to submit to a mental health evaluation, complete a parenting and child development course, and complete a Families in Transition class.[2]

[5]  On March 21, 2024, a final hearing was held.  On May 15, the trial court entered a decree dissolving the marriage, dividing the marital estate, and determining custody as well as child support.  The order provides the following finding about Father's relationship with Children:

> There are some concerns regarding Father's interactions with the children.  The children have expressed being fearful of Father. [*GAL*] *Report*, pp. 2, 6.  Father acknowledged that the children are fearful of him.  In addition, RhS has expressed he wished he did not have to go with Father as much because Father gets mad a lot.  *Id.*  RuS's relationship with Father causes her anxiety. Concerns exist as to whether Father is capable of focusing on what is best for the children.  [*GAL*]*Report*, p. 3.  The Court heard evidence of more than one situation in which Father failed to understand how his actions would be perceived by his children to

---

[1] Father does not include the petition in his appendix in violation of Indiana Appellate Rule 50(A).  Pursuant to Appellate Rule 27, we have taken judicial notice of Mother's petition.

[2] Father does not include the parenting time order in his appendix in violation of Appellate Rule 50(A). Pursuant to Appellate Rule 27, we have taken judicial notice of the December 2023 parenting time order.

be aggressive, such as showing up unannounced and unexpectedly at their therapy appointment and his extended conversations and intense questioning of the children.

*Id.* at 22–23. The findings also described the mental health of Father and Children as follows:

> The children all have mental health issues; the older two take prescribed medication for mental health conditions. All three participate in individual therapy. Concerns have been raised regarding Father's mental health. *Father underwent a psychological evaluation which did not raise any significant issues or result in a diagnosis.* However, Father refused to cooperate with the GAL in permitting access to his individual therapy records. In view thereof, the GAL does not recommend overnight parenting time. [*GAL*] *Report*, p. 7. While certainly not a mental health diagnosis, the Court is compelled here to note Father's demeanor during his testimony. Father seemed unable to modulate his emotions, becoming at times quite agitated and loud, and remaining so in spite of attempts to redirect him. He insisted that Mother and the GAL were both lying and gaslighting him and working in collaboration, but could offer no motivation for the GAL to do so. His testimony included the use of unnecessary profanity in commentary, disparagement of the children's grandmother for attending an extracurricular activity, and being combative with the GAL. While Father cited his frustration with the situation as the source of his agitation, his lack of control was out of the ordinary for even individuals in similar situations. . . . Father testified that he would do "anything" for his children, *but he failed to comply with some of the Court's orders intended to improve his parenting.*

*Id.* at 24–25 (emphasis added). The trial court ultimately awarded Mother primary physical custody and sole legal custody over Children. Father was

awarded "parenting time as set forth in Section II(D) of the Indiana Parenting Time Guidelines, with no overnights." *Id.* at 25. Father now appeals.

## Discussion and Decision

### The Trial Court Abused Its Discretion in Its Parenting Time Decision

Father claims the trial court erred in its parenting time order. We review parenting time decisions for abuse of discretion. *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2023) (quoting *Marlow v. Marlow*, 702 N.E.2d 733, 735 (Ind. Ct. App. 1998)). Parenting time decisions "require[] us to 'give foremost consideration to the best interests of the child.'" *Id.* (citing *Marlow*, 702 N.E.2d at 735). Importantly, "[w]e will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment." *Id.* (quoting *Baxendale v. Raich,* 878 N.E.2d 1252, 1257–58 (Ind. 2008)).

Mother did not file an appellee's brief. "When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party." *Campbell v. Campbell*, 250 N.E.3d 459, 470 (Ind. Ct. App. 2024) (citing *Easterday v. Everhart*, 201 N.E.3d 264, 268 (Ind. Ct. App. 2023)). Accordingly, "we may reverse if the appellant establishes prima facie error." *Id.* at 470–71. "Prima facie error is 'error at first sight, on first appearance, or on the face of it.'" *Id.* at 471 (quoting *Easterday*, 201 N.E.3d at 268).

Father argues that the trial court abused its discretion in its parenting time decision. Indiana Code section 31-17-4-1 provides "a parent not granted custody of the child is entitled to reasonable parenting time rights unless the

court finds, after a hearing, that parenting time by the noncustodial parent might endanger the child's physical health or significantly impair the child's emotional development." Father claims that the trial court abused its discretion by not including overnights in his parenting time.

[9] To address Father's claim, we must first decide whether the decision regarding overnights is a restriction on Father's parenting time or a mere deviation from the Parenting Time Guidelines. *See Randolph v. Randolph*, 210 N.E.3d 890, 897–98 (Ind. Ct. App. 2023). Indiana's Parenting Time Guidelines allow for deviations by "the court that result in parenting time less than the minimum time" only if the deviation is "accompanied by a written explanation indicating why the deviation is necessary or appropriate in the case." Ind. Parenting Time G. Preamble (C)(3). In contrast, restrictions on parenting time require a specific finding contemplated by the statute. Ind. Code § 31-17-4-1; *see also Roper v. Roper*, 223 N.E.3d 732, 737 (Ind. Ct. App 2023). Father argues that the decision regarding overnights is an unreasonable restriction on his parenting time, requiring a finding that his parenting might endanger Children's health or significantly impair their emotional development.

[10] After a review of precedent, it appears we have not answered whether eliminating all overnights amounts to a restriction on parenting time. In *Clary-Gosh v. Gosh*, a mother argued that the trial court's decision to eliminate overnight visits on school nights was a restriction on her parenting time. 26 N.E.3d 986, 991 (Ind. Ct. App. 2015). We concluded that this modification was not a restriction because the end result was parenting time that was

consistent with guidelines, meaning mother's parenting time "was not reduced below the minimum time described in the Parenting Time Guidelines." *Id.* More recently, we have held that "[n]ot every deviation below the minimum parenting time recommended by the Guidelines is a 'restriction' of parenting time requiring a finding of endangerment or impairment." *Roper*, 223 N.E.3d at 737; *see also Randolph*, 210 N.E.3d at 898. Rather, "[p]arenting time rights are 'restricted' when they are 'curtailed in an unreasonable manner.'" *Roper*, 223 N.E.3d at 737 (quoting *In re Paternity of J.K.*, 184 N.E.3d 658, 667 (Ind. Ct. App. 2022)). For example, "[a]n order for supervision of parenting time is a restriction required to be justified by a finding of endangerment or impairment." *Id.* (citing *Hatmaker v. Hatmaker*, 998 N.E.2d 758, 761 (Ind. Ct. App. 2013)).

[11] Similar to the present case, in *Randolph v. Randolph*, the trial court established parenting time for father in the dissolution decree, removing overnight visits that had been granted in the provisional order. 210 N.E.3d at 897. In the provisional order, "[f]ather was entitled to two overnights on alternating weekends and one mid-week overnight each week" while the dissolution decree granted him "one overnight on alternating weekends and one mid-week visit of four hours." *Id.* In addressing father's claim that this reduction was a restriction, we noted that the trial court "reduced the weekend parenting time to eliminate Friday overnights but added a four hour visit during the week, which is not part of the Guidelines." *Id.* at 899. Ultimately, we concluded that father's parenting time was not restricted because this was "not a case where

[f]ather's parenting time was eliminated, required to be supervised, or significantly deviated from the Guidelines." *Id.*

[12] Here, while the provisional order provided Father parenting time consistent with the Indiana Parenting Time Guidelines (including overnights), in the dissolution decree, the trial court eliminated all overnights. Father's parenting time is now limited to being with his children for less than 12 hours per parenting time opportunity. The trial court reduced Father's parenting time below the minimum amount suggested by the Guidelines and did not provide any additional visitation to account for the removal of all overnights. As Father points out, the exclusion of all overnights limits both his time with Children but also the nature of activities they can do in the shortened timeframe. We conclude that the elimination of all overnights is a "significant deviation from the Guidelines," *Randolph*, 210 N.E.3d at 899, and that Father's parenting time rights were "curtailed in an unreasonable manner," *Roper*, 223 N.E.3d at 737 (quoting *In re Paternity of J.K.*, 184 N.E.3d at 667). Thus, the trial court restricted Father's parenting time rights.

[13] Now we must determine whether the trial court provided the requisite findings to restrict Father's parenting time. The trial court did not make any findings that Father's parenting time would endanger Children's physical health or significantly impair Children's emotional development. The findings mention that Children feared Father, but this falls short of the findings required by statute. *See* I.C. § 31-17-4-1. Additionally, the decision to entirely remove all overnights appears to be related to Father's failure to comply with the trial

court's orders. We remind the trial court that it should not conflate a parent's lack of cooperation with the best interests determination. *See In re Paternity M.P.M.W.*, 908 N.E.2d 1205, 1208 (Ind. Ct. App. 2009) (affirming custody modification where the trial court punished mother for violating a court order but also based its decision on proper considerations). We conclude that Father made a prima facie showing that the trial court abused its discretion, and we reverse the trial court's parenting time decision.

Reversed.

Mathias, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Clayton W. Morgan
Cordell and Cordell
Indianapolis, Indiana